Eric S. Walters (CA State Bar No. 151933)
ericwalters@dwt.com
Erica D. Wilson (CA State Bar No. 161386)
ericawilson@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599

*Attorneys for Plaintiff*
DICON FIBEROPTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DICON FIBEROPTICS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PRECISELEY MICROTECHNOLOGY CORP.,<br><br>    Defendant. | Case No. 3:15-cv-1362<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DiCon Fiberoptics, Inc.  ("DiCon"), by and through its attorneys, alleges as follows against Defendant Preciseley Microtechnology Corp. ("Preciseley" or "Defendant").

**NATURE OF THE ACTION**

1. This is an action for patent infringement brought under the laws of the United States, 35 U.S.C. §§ 1, et seq.  DiCon has filed this lawsuit to stop Defendant's unlawful infringement of DiCon's patented inventions and to obtain damages and other relief.

**PARTIES**

2. DiCon is a corporation formed under the laws of the State of California having its principal place of business at 1689 Regatta Blvd., Richmond, CA 98404.

3. Upon information and belief, Defendant Preciseley is a corporation formed under the laws of Canada with a principal place of business at 11421 Sask. Dr., NINT Innovation Centre, Edmonton, AB, Canada T6G 2M9.

## JURISDICTION AND VENUE

4. This is a patent infringement action. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (any Act of Congress relating to patents or trademarks).

5. This Court has personal jurisdiction over Defendant at least because Defendant has come into this District and committed acts of infringement in this District by offering to sell infringing devices at trade shows held within this judicial district.

6. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d) and §1400(b) at least because Defendant has come into this District and committed acts of infringement in this District by offering to sell infringing devices at trade shows held within this District.

## INTRADISTRICT ASSIGNMENT

7. In accordance with General Order No. 44, this patent infringement action is subject to district-wide assignment.

## BACKGROUND OF THE PATENT IN SUIT

8. DiCon is one of the world's largest suppliers of innovative, high quality optical components, integrated modules, and test equipment for the fiber optics industry, and is a recognized industry leader and innovator in micro-electromechanical systems (MEMS), and micro-optic design. Founded in 1986, DiCon has established itself as a leader in the design, manufacture, and marketing of a broad portfolio of leading-edge products that filter, split, attenuate, switch, combine, and monitor light. Dicon's products are used in a broad range of

1 applications within the communications, defense, aerospace, industrial manufacturing, and biomedical industries.

9. On January 4, 2005, U.S. Patent No. 6,838,738 ("the '738 Patent"), entitled "Electrostatic Control of Micro-optical Components," was duly and legally issued by the United States Patent and Trademark Office. The named inventors on the '738 Patent include Benedict J. Costello, Peter T. Jones and Ho-Shang Lee. A true and correct copy of the '738 Patent is attached as Exhibit A hereto.

10. The '738 Patent is directed to novel electrostatic actuators, formed in wafers, that are used to drive MEMS components.

11. DiCon is the sole and exclusive owner by assignment of all right, title, and interest in and to the '738 Patent.

12. In or about February 2015, Defendant participated in the SPIE Photonics West trade show held at the Moscone Center in San Francisco, California, and offered to sell MEMS devices that comprise electrostatic actuators that infringe one or more claims of the '738 Patent. Such devices include Preciseley's line of MEMS tilting mirror chips. On information and belief, Defendant offered to sell infringing MEMS devices at the 2012 and 2013 SPIE Photonics West trade shows, and the 2014 Optical Fiber Conference, all of which were held at the Moscone Center in San Francisco, California. On information and belief, Defendant has offered to sell MEMS devices that comprise electrostatic actuators that infringe one or more claims of the '738 Patent at trade shows in this District and other districts within the State of California.

## COUNT I

### (Infringement of U.S. Patent No. 6,838,738)

13. DiCon realleges and incorporates by reference paragraphs 1-12 above, as if fully set forth herein.

14. Defendant has infringed and is still infringing the '738 Patent under 35 U.S.C. § 271 by offering for sale in the United States devices that include each and every limitation of one or more claims of the '738 Patent. Such devices include MEMS devices that comprise electrostatic actuators that infringe one or more claims of the '738 Patent. Such devices include, without limitation, Defendant's line of MEMS tilting mirror chips.

15. Defendant's offers to sell these infringing devices are unauthorized and without license, and constitute direct infringement under 35 U.S.C. § 271(a).

16. As a result of Defendant's direct infringement, DiCon has been damaged and will continue to suffer damages in an amount to be proven at trial.

17. Defendant will continue to infringe unless this Court enjoins Defendant, its officers, agents, servants, employees, and representatives, and all others acting in active concert with Defendant from infringing the '738 Patent.

## PRAYER FOR RELIEF

WHEREFORE, DiCon prays for relief, as follows:

1. A judgment that Defendant has infringed and continues to infringe one or more claims of the '738 Patent;

2. An injunction barring Defendant, its officers, agents, servants, employees, and representatives, Defendant's parents, subsidiaries, divisions, successors, and assigns, and all others acting in active concert with Defendant from further acts of infringement of the '738 Patent;

3. An award of damages sufficient to compensate for Defendant's infringement of the '738 Patent, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. Any other relief the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, DiCon hereby demands a trial by jury on all issues so triable.

DATED:  March 24, 2015                              Respectfully submitted,

By: /s/ Erica D. Wilson
Eric S. Walters (CA State Bar No. 151933)
ericwalters@dwt.com
Erica D. Wilson (CA State Bar No. 161386)
ericawilson@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:(415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Plaintiff
DICON FIBEROPTICS, INC.